UNITED STATES, Appellee,

v.

Sergeant First Class Edward T. FIERRO, Jr., 561–82–7930, United States Army, Appellant.

ACMR 9201491.

U.S. Army Court of Military Review.

10 May 1994.

For Appellant: Captain Alison L. Becker, JAGC (argued); Major Michael A. Egan, JAGC (on brief).

For Appellee: Captain R.W. Clark, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before GRAVELLE, JOHNSTON, and BAKER, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Senior Judge:

Contrary to his pleas, a general court-martial consisting of officer and enlisted members convicted Sergeant First Class Fierro of unpremeditated murder. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for 20 years, forfeiture of $300.00 pay per month for 240 months, and reduction to Private E1.

On 10 November 1991, the appellant and a friend, Staff Sergeant (SSG) Neaves, went drinking in Junction City, Kansas. During the course of the evening, they were joined by a nineteen-year-old woman who had previously dated the appellant. Early on 11 November, after the bars closed, the three returned with the woman to the appellant's mobile home in Junction City. After he engaged in intercourse with the girl, the appellant invited SSG Neaves to do likewise. SSG Neaves attempted to do so, but she refused his advances. SSG Neaves departed the bedroom, reporting the refusal to the appellant. The appellant talked privately with the girl, and then told SSG Neaves that she was now willing to have intercourse. However, when SSG Neaves again approached the girl, she emphatically refused, and hit him on the side of the head. SSG Neaves thereupon struck the girl one time in the face with his fist, reported her refusal to the appellant, and promptly passed out in a drunken stupor.

The next thing SSG Neaves remembered was being awakened by the appellant who told him that the woman was dead. SSG Neaves testified that the appellant admitted to him that he had been hitting her and had killed her. SSG Neaves also testified that he helped the appellant transport the body to the vicinity of Breakneck Lake on the Fort Riley military reservation and watched the appellant carry the body to a hiding place.

The government originally charged the appellant with premeditated murder; the members convicted the appellant of unpremeditated murder. The defense strategy was to point the finger of guilt at SSG Neaves, who admitted striking the woman one time on the

night of the murder. The defense portrayed SSG Neaves as a liar, or a person imagining events while in a drunken stupor, or both.[1] The identity of the killer was a central issue at trial.

The appellant raises four assignments of error, two of which merit discussion:

### I.

THE MILITARY JUDGE ERRED TO THE APPELLANT'S SUBSTANTIAL PREJUDICE BY ADMITTING UN-CHARGED MISCONDUCT CONCERN-ING HIS ALLEGED PARTICIPATION IN PRIOR ASSAULTS UPON HIS EX-WIFE.

◼ We find no error in the military judge's ruling. To prove the identity of the killer, the trial counsel introduced uncharged misconduct evidence that, while drunk, the appellant would often physically abuse his estranged wife after she refused to have sex with him or with SSG Neaves at the appellant's request.

The defense counsel extensively litigated a motion in limine to exclude this evidence at trial. After hearing the testimony of the ex-wife, SSG Neaves, and the appellant, the military judge made extensive findings of fact and conclusions of law. He concluded that the evidence was admissible to show identity of the perpetrator based on the appellant's modus operandi of assaulting a woman who refused to have sex with him or his drinking buddy.[2]

Military Rule of Evidence 404(b) [hereinafter Mil.R.Evid. 404(b) ] discusses the admissibility of "other crimes, wrongs, or acts." The Rule provides that:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, in-

tent, preparation, plan, knowledge, identity, or absence of mistake or accident.

◼ In order to be admissible, the proffered evidence must meet a three-prong test:

1. Does the evidence reasonably support a finding by the court members that appellant committed prior crimes, wrongs, or acts?

2. Does the evidence make a "fact ... of consequence ... more ... or less probable?"

and

3. Is the "probative value" of the evidence "substantially outweighed by the danger of unfair prejudice?"

*United States v. Cousins,* 35 M.J. 70, 74 (C.M.A.1992) *citing* Mil.R.Evid. 401–403 and *United States v. Reynolds,* 29 M.J. 105, 109 (C.M.A.1989). *See also United States v. Williams,* 37 M.J. 972, 975 (A.C.M.R.1993).

The standard we use in reviewing the military judge's ruling is "abuse of discretion." *United States v. Acton,* 38 M.J. 330, 332–33 (C.M.A.1993); *United States v. Spata,* 34 M.J. 284, 286 (C.M.A.1992); *United States v. Hicks,* 24 M.J. 3, 7 (C.M.A.1987). *See generally* 2 Steven Alan Childress and Martha S. Davis, Federal Standards of Review, §§ 11.-01–11.03 (2d ed. 1992).

Applying the standards set out above, we find no abuse of discretion in the military judge's ruling. We find that the military judge's findings of fact are supported by the evidence of record and that his conclusions of law logically follow and are correct.

First, we agree with the military judge that the testimony of the appellant's wife and the testimony of SSG Neaves reasonably supports the findings of the members that the prior acts of misconduct occurred. Second, we agree that the evidence makes the identity of the perpetrator of the murder more probable. We agree with the military judge that the prior acts of misconduct were

---

1. SSG Neaves testified at the appellant's trial under a grant of immunity. He was later convicted of being an accessory after the fact to manslaughter and to assault and battery, according to post-trial defense clemency documents.

2. Immediately following the presentation of evidence by the government, the military judge gave a tailored uncharged misconduct instruction to the members, properly limiting their use of the uncharged misconduct evidence. He later repeated the same basic limiting instruction during his instructions on findings.

sufficiently similar and sufficiently close in time to the charged misconduct. The appellant's assaults on his wife, according to her testimony, increased in frequency and intensity until she left him just prior to the murder. In addition, the murdered woman was a girlfriend and past sexual partner of the appellant. Third, we agree that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Finally, we also note with approval the military judge's two limiting instructions to the members.

While not considered by the military judge, we note an additional rationale for admissibility of the evidence here. The use of physical violence by an accused against women while under the influence of alcohol can reasonably reflect hostile feelings towards women, a possible motive and a possible indication of a "deliberate state of mind consistent with criminal intent." *United States v. Watkins,* 21 M.J. 224, 227 (C.M.A. 1986).

## II.

THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT A FINDING OF GUILTY OF THE CHARGE IN THAT THERE IS NO EVIDENCE ESTABLISHING THAT APPELLANT HAD THE INTENT TO INFLICT GREAT BODILY HARM UPON THE VICTIM, OR THAT THE DEATH RESULTED FROM AN ACT COMMITTED BY THE APPELLANT.

We find that the evidence is sufficient to support each element of unpremeditated murder. Two issues have been raised by appellate defense counsel in the brief and in oral argument: (1) the sufficiency of the evidence to prove who committed the murder; and, (2) the sufficiency of the evidence to show intent to inflict great bodily harm, an element of unpremeditated murder.[3]

### A.

▇ We find that the government presented a solid and credible circumstantial case against the appellant. SSG Neaves testified that he was present at the murder scene, but passed out drunk before the deed was done. The appellant woke him up and admitted that he had killed the woman. The appellant denied any of the events of that evening, testifying that SSG Neaves was confused as to the events because of his alcohol consumption. The appellant asserted that SSG Neaves was remembering the events of the day previous to the woman's death. The appellant related that on this previous occasion he drove the woman home and did not see her at all on the night she was murdered.

In the end analysis, it was the appellant's word against SSG Neaves. The court members, who saw and heard the witnesses, believed SSG Neaves even though he had been in a very drunken state and for days afterward thought he was dreaming about the murder.

Exercising our unique fact-finding power under Article 66(c), UCMJ, we have independently reviewed the evidence and have considered that the members saw and heard the witnesses. *United States v. Turner,* 25 M.J. 324 (C.M.A.1987); *United States v. Irvinspence,* 39 M.J. 893 (A.C.M.R.1994). We believe SSG Neaves' testimony and not the testimony of the appellant.

### B.

▇ The appellant also argues that there is no proof of intent to inflict great bodily injury. In this case, a pathologist opined that the woman died from a series of about ten blows to the head, probably done with a fist or foot. These blows caused her to suffer two separate skull fractures. The blow to the back of the head probably was the lethal blow. In determining an accused's intent in unpremeditated murder, we can infer intent to inflict great bodily harm from the number and severity of the blows. *United States v. Nichols,* 38 M.J. 717, 719 (A.C.M.R.1993).

We hold that the evidence is both legally and factually sufficient to support the appellant's conviction of unpremeditated murder

3. The members, in their findings by exceptions and substitutions, deleted the words "with premeditation" and substituted the words "with intent to inflict great bodily harm."

under the standards set out by *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) for legal sufficiency and *Turner,* 25 M.J. 324 for factual sufficiency.

We have reviewed the remaining assignments of error and the assertions of error personally raised by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find no merit in them.[4]

The findings of guilty and the sentence are affirmed.

Judge JOHNSTON and Judge BAKER concur.

---

4. Contrary to the appellant's assertion, the panel did not deliberate on sentencing for only four minutes. Clearly, there is a typographical error in the record regarding the time the court closed for deliberations on sentence. Read in conjunction with the time given for a previous recess, it is clear the court deliberated for one hour and four minutes.